# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| KEVIN D. MILLER and<br>JAMILA D. MILLER, | ) )<br>) | |
| Plaintiffs, | ) )<br>) | |
| v. | ) )<br>) | CASE NO. 2:09-CV-205 JVB |
| CITY OF PLYMOUTH, MARSHALL<br>COUNTY SHERIFF'S DEPARTMENT,<br>JOHN WEIR, individually and in his<br>official capacity as an employee or agent<br>of the City of Plymouth and/or the<br>Plymouth Police Department, NICHOLAS<br>LAFFOON, individually and in his<br>official capacity as an employee or agent<br>of Marshall County and/or the Marshall<br>County Sheriff's Department; and<br>BRUCE CARTER, individually and in his<br>official capacity as an employee or agent<br>of Marshall County and/or the Marshall<br>County Sheriff's Department | ) ) ) ) ) ) ) ) ) ) ) ) ) )<br>) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On May 14, 2008, the defendant police officers conducted a traffic stop on plaintiffs Kevin D. Miller and his wife, Jamila D. Miller. After the stop and subsequent search of the Millers and their car turned up no evidence of contraband, the Millers filed this suit pursuant to 42 U.S.C. §1983 alleging that their First, Fourth, and Fourteenth Amendment rights were violated by the defendants (Counts I, II, and III). In addition, they bring a claim against the City and the County defendants alleging that they failed to adequately train or supervise the officers involved in the traffic stop. (Counts IV, V, VI). Finally there are pendent state law claims against all the defendants for false

1

imprisonment (Count VII), intrusion upon seclusion (Count VIII), assault and battery (Count IX), intentional infliction of emotional distress (Counts X, and XI), and negligent infliction of emotional distress (Count XII).

Before the Court presently are the Plaintiffs' Motion for Partial Summary Judgment [DE 18] and Plaintiffs' Joint Supplemental Motion for Summary Judgment [DE 27] as to claims under Counts VII and IX, as well as the Defendants' responses. Plaintiffs filed the summary judgment motions just a month after the case was filed and prior to either the onset or the conclusion of discovery.[1] Thus, the only designated evidentiary materials by the parties are public records and sworn affidavits. While these are appropriate materials to consider under Federal Rule of Civil Procedure 56, there are clearly genuine issues of material fact that cannot be resolved by way of summary judgment. For instance, there are issues of fact on nearly every facet of this case, including: whether the officers had probable cause to stop the vehicle; whether the officers had probable cause to search the vehicle; whether the officers' detention of the Plaintiffs was reasonable and whether the handcuffing of Mr. Miller was reasonable; whether the K-9 alerted to the presence of narcotics; whether the plaintiffs, particularly Mr. Miller, acted in an agitated manner; whether the plaintiffs were personally searched and by whom during the encounter with police. These genuine issues of material fact preclude entry of partial summary judgment to the Plaintiffs on the claims asserted in their motion.

Thus, the Court denies both the Plaintiffs' Motion for Partial Summary Judgment [DE 18]

---

[1] Plaintiffs state in their filing that their intent in making these filings at such an early stage is to "narrow the issues, facilitate discovery, and economize judicial resources by resolving certain of those issues . . . as early as possible." (Plaintiffs' Motion, p. 1 fn. 2). This is a laudable goal and one that the Court encourages throughout the litigation from all parties. However, at this stage, the existence of the factual disputes prevents the court from narrowing the issues.

and Plaintiffs' Joint Supplemental Motion for Summary Judgment [DE 27] as to claims under Counts VII and IX.[2] In addition, the Court denies the City Defendants and John Weir's Motion to Strike [DE 36] various factual assertions of the Plaintiffs as moot.

SO ORDERED on April 9, 2010.

S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE

---

[2]The Court advises the parties that its practice is to set a date for summary judgment and other dispositive motions at the scheduling conference that is held after the close of discovery. No dispositive motions, including motions for summary judgment, should be filed until the court provides the parties with such date.