# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| KEVIN D. MILLER and | ) | |
| JAMILA D. MILLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CV-205 JVB |
| | ) | |
| CITY OF PLYMOUTH, MARSHALL | ) | |
| COUNTY SHERIFF'S DEPARTMENT, | ) | |
| JOHN WEIR, individually and in his | ) | |
| official capacity as an employee or agent | ) | |
| of the City of Plymouth and/or the | ) | |
| Plymouth Police Department, NICHOLAS | ) | |
| LAFFOON, individually and in his | ) | |
| official capacity as an employee or agent | ) | |
| of Marshall County and/or the Marshall | ) | |
| County Sheriff's Department; and | ) | |
| BRUCE CARTER, individually and in his | ) | |
| official capacity as an employee or agent | ) | |
| of Marshall County and/or the Marshall | ) | |
| County Sheriff's Department | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On April 19, 2009, Defendants City of Plymouth and John Weir filed a motion to reconsider the Court's denial of Defendants' Motion to Dismiss.

Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district apply Rule 59(e) standards to these motions. *Wagner v. Nutrasweet Co.*, 873 F. Supp. 87, 101–02 (N.D. Ill. 1994); *see also Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 n.9 (N.D. Ill. 1988). The Seventh Circuit has discussed the role of the motion to reconsider:

A motion for reconsideration performs a valuable function where the Court has

> patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).

However useful motions for reconsideration may be, the problems that justify such motions "rarely arise and the motion to reconsider should be equally rare." *Id.* Motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments . . . and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time." *Wagner*, 873 F. Supp. at 101–02 (citations omitted).

In their motion to reconsider, Defendants do not present any new facts that were not available earlier nor any new law so as to compel a reconsideration of the Court's decision. Nor have Defendants shown that the Court has patently misunderstood them, or has made a decision outside the adversarial issues presented by the parties. Accordingly, the Court denies Defendants City of Plymouth and John Weir's motion to reconsider (DE 123).

SO ORDERED on May 27, 2010.

s/Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE