UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEVIN D. MILLER and JAMILA D. MILLER,<br>    Plaintiffs,<br><br>    v.<br><br>CITY OF PLYMOUTH, et al.,<br>    Defendants. | )<br>)<br>)<br>)   CAUSE NO.: 2:09-CV-205-JVB-PRC<br>)<br>)<br>) |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiffs' Joint First Rule 37 Motion for Sanctions Against Defendants, City of Plymouth and John Weir [DE 169], filed by Plaintiffs Kevin D. Miller and Jamila D. Miller on June 16, 2010. Defendants City of Plymouth and John Weir (jointly the "Plymouth Defendants") filed a response on June 28, 2010, and Plaintiffs filed a reply on July 8, 2010.

On July 23, 2010, District Court Judge Joseph S. Van Bokkelen entered an Order [DE 196] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court deny the motion.

In the motion, Plaintiffs seek sanctions against the Plymouth Defendants pursuant to Federal Rules of Civil Procedure 37(d)(1)(A)(ii) and 37(b)(2)(A)(i)-(vii), asking that the Court enter default judgment against the Plymouth Defendants, prohibit them from opposing various facts and claims, prohibit them from introducing testimony and materials into evidence opposing certain facts and

claims, and strike their "qualified immunity" defense. Plaintiffs assert that the Plymouth Defendants have engaged in dilatory and obstructionist conduct designed to frustrate discovery. Plaintiffs identify objections made by the Plymouth Defendants, arguing that some are either demonstrably false, patently frivolous, or unsupported. Although the Court overruled a number of the Plymouth Defendants' objections, the Court sustained others. While true that the course of discovery in this litigation has been contentious and the Court has been required to issue extensive orders guiding the parties through the process, the Court finds that none of the Plymouth Defendants' objections or answers rise to a level meriting sanctions. The Court further expects that the ongoing exchange of discovery between the parties will be guided by the specific rulings issued by the Court as well as the general understanding of the scope of discovery in this case underscored by those rulings.

Plaintiffs also argue that it seems at times that Plaintiffs and the Plymouth Defendants are "speaking different languages." The Court has reviewed the identified discovery requests and finds that sanctions are not justified as a result of any of the objections or interpretations by the Plymouth Defendants.

Plaintiffs argue that the Plymouth Defendants apparently do not believe that the Federal Rules of Civil Procedure apply to them. First, Plaintiffs discuss the cost-shifting of discovery related to the redaction of documents. The Court addressed these concerns in its July 27, 2010 Order. The Court declined to sanction counsel for Defendants at that time and declines to do so now as well. Plaintiffs also argue that Defendants' interrogatory and request for production responses were not complete. The Court addressed the discovery objections in ruling on the Motion to Compel and finds that none of the answers or responses warrants sanctions. As noted above, by providing detailed discovery rulings, the Court not only promotes the interest of justice by ensuring that all

parties receive discoverable evidence so that the case may be resolved on the merits but also promotes an understanding among the parties of the scope of permissible discovery in this case. The Court expects that the parties will apply the Court's discovery rulings to the ongoing discovery in this case.

## CONCLUSION

Based on the foregoing, the Court finds that the actions of the Plymouth Defendants over the course of the discovery to this date do not warrant the sanctions sought by Plaintiffs and the Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' Joint First Rule 37 Motion for Sanctions Against Defendants, City of Plymouth and John Weir [DE 169].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

So ORDERED this 2nd day of August, 2010.

                                                s/ Paul R. Cherry
                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                UNITED STATES DISTRICT COURT

cc: All counsel of record
    Pro se Plaintiffs