**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| KEVIN D. MILLER and JAMILA D. MILLER, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CV-205-JVB-PRC |
| | ) | |
| CITY OF PLYMOUTH, et al., | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs' Joint Motion for Sanctions Against the Plymouth Defendants for Discovery Abuses [DE 325], filed on February 28, 2011. Defendants filed a Response in Opposition on March 23, 2011; Plaintiffs filed a Reply on April 8, 2011; and Defendants filed a Sur-Response on April 22, 2011.

On April 27, 2011, District Court Judge Joseph S. Van Bokkelen entered an Order [DE 363] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that Judge Van Bokkelen grant in part and deny in part the motion.

In this motion, Plaintiffs ask the Court to impose various sanctions for (1) Officer Weir's defiance of multiple Court orders to provide the addresses of potential witnesses; (2) the City's defiance of the Court's order to produce outstanding case rseports; (3) the City's defiance of the Court's order to produce video evidence; (4) Officer Weir's defiance of the Court's order to produce documents concerning and/or relating to allegations of misconduct against Officer Weir; (5) the Plymouth Defendants' attorney's failure to advise his clients to implement a litigation hold on

requested video evidence or amend the Plymouth Police Department's video retention/destruction policy; and (6) the Plymouth Defendants' improper withholding of relevant, unprivileged information and documents.

The sanctions sought by Plaintiffs include (1) default judgment; (2) a contempt ruling against the Plymouth Defendants and/or their attorney; (3) a fine to be paid to the Court by the Plymouth Defendants and/or their attorney in an amount equal to what an attorney would have earned to pursue the pending motions to compel and the instant motion for sanctions; (4) the Plymouth Defendants be prohibited from opposing *Monell* claims against the City of Plymouth; (5) the Plymouth Defendants be prohibited from introducing, in support or defense of any dispositive motion, any documents or persons that they have not identified as of February 28, 2011, the date of the filing of the instant motion; and (6) the Plymouth Defendants and/or their attorney be ordered to pay to Plaintiffs an amount totaling $298.50, which was the cost of obtaining the December 16, 2010 evidentiary hearing transcript.

Federal Rule of Civil Procedure 37(b)(2)(A) provides for the following sanctions based on a failure to comply with a court discovery order:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> > (iii) striking pleadings in whole or in part;
> > . . .
> > (vi) rendering a default judgment against the disobedient party; or
> > (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Federal Rule of Civil Procedure 26(g)(1), regarding attorney signatures on discovery responses, provides:

> Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented--and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
> (A) with respect to a disclosure, it is complete and correct as of the time it is made; and
> (B) with respect to a discovery request, response, or objection, it is:
> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1). The Rule goes on to provide that, "[i]f a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3).

18 U.S.C. § 401(3) provides that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistence to its lawful writ, process, order, rule, decree, or command."

The Court considers each alleged violation of a Court's Order in turn.

*1.      Officer Weir's Failure to Provide Addresses*

On November 3, 2009, Mr. Miller asked Officer Weir, through Interrogatories Nos. 1-6, to provide the identity and addresses of certain specific categories of persons related to traffic stops. On April 29, 2010, the Court generally granted the Motion to Compel as to Interrogatories 1-6, each of which specifically asks for addresses. On May 24, 2010, the Court granted Mr. Miller's Motion for Clarification, clarifying that, in the April 29, 2010 Order, the Court "granted, **without condition or limitation**, Plaintiffs' Motion to Compel Weir's compliance with Interrogatories 1-6, and Interrogatories 1-6 request that Defendant Weir provide the 'identity' of the person as well as the person's 'last known address.'" Order of May 24, 2010 [docket entry 141] (emphasis in original).

In response, Officer Weir produced "canine contact summaries" and "traffic stop logs" but did not produce addresses for each identified person in contravention of the Court's April 29, 2010 and May 24, 2010 Orders. In a subsequent Motion to Compel more thorough interrogatory responses, Mr. Miller objected to the form of the answers on numerous bases, including the illegibility of Officer Weir's handwriting on the reports, and objected that Officer Weir had not included addresses. Officer Weir responded that Mr. Miller should be able to find the individuals' last known addresses by cross-referencing the documents produced. In its November 22, 2010 Order, the Court rejected this argument and ordered Officer Weir to respond by December 17, 2010, to each of "Interrogatories 1-6 separately and individually by providing a typewritten list of the

4

identities *and addresses* of the persons responsive to each interrogatory and for the time period requested, from January 1, 2004, to the present." Order of Nov. 22, 2010, p. 7-8 [docket entry 261] (emphasis added). The Court subsequently granted Officer Weir an extension of time through January 21, 2011, to provide the discovery responses.

On January 26, 2011, Officer Weir belatedly filed a response to the discovery and again failed to provide addresses on the list of individuals, in contravention of the Court's November 22, 2010 Order. As for the missing addresses, Officer Weir again argues that any information available to Officer Weir "regarding the addresses of these individuals is equally available to [Mr. Miller] and has been provided to him." Def. Resp., p. 3. The Court already rejected this argument in its November 22, 2010 Order. In his sur-response, Officer Weir suggests that the Court has ordered him to "produce materials to allow the Plaintiffs to determine the name and addresses of the suspects involved." Def Sur-Resp., p. 1. This is not correct. The Court explicitly ordered Officer Weir to provide "a typewritten list of the identities *and addresses* of the persons responsive to each interrogatory."

The Court finds that Officer Weir and his attorney have twice failed without explanation to comply with the Court's Order to provide addresses for these individuals and that sanctions are appropriate. No justifiable reason has been given for failing to provide the addresses, compliance with the Court's Orders was not discretionary, and Officer Weir did not seek relief from the Orders. It is difficult for the Court to interpret this reticence as anything other than unnecessary delay, unduly multiplying the proceedings, and needlessly increasing the cost of litigation. Nevertheless, the Court cannot say at this stage of the litigation that the draconian sanction of default judgment under Rule 37(b)(2)(A) is merited. *See Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003).

The Court also declines to impose the sanctions of contempt or prohibiting the Plymouth Defendants from opposing *Monell* claims against the City under Rule 37(b)(2)(A), sanctions under Rule 26(g)(3), or 18 U.S.C. § 401.

Rather, the Court finds that a monetary sanction is appropriate under the circumstances. As a pro se litigant, Mr. Miller is not entitled to an award of attorney fees as an "expense" under Rule 37(b)(2)(C). *See Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1377 (Fed. Cir. 2002); *see also Jacobs v. Scribner*, No. 1:06-CV-1280, 2011 WL 98585, at * 1 (E.D. Cal. Jan. 12, 2011) (acknowledging the court's inherent authority to award sanctions to pro se litigants). However, federal courts have the inherent authority to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *see also Alexander v. U.S.*, 121 F.3d 312, 316 (7th Cir. 1997) ("Courts have inherent powers to protect themselves from vexatious litigation. [*Chambers*] holds that courts may use that authority when other sources do not govern the subject."). A failure to make an award of monetary sanctions available under the Court's inherent authority "would place a pro se litigant at the mercy of an opponent who might engage in otherwise sanctionable conduct." *Pickholtz*, 284 F.3d at 1377. Accordingly, the Court **RECOMMENDS** that the Motion for Sanctions be granted as to this request and that Officer Weir and counsel be ordered to pay to the Court a fine of $500 for each of the two failures to comply with the Court's Order to provide addresses for the identified individuals, for a total of $1000.

*2. The City's Failure to Produce Outstanding Case Reports*

In Mr. Miller's third motion to compel filed on October 13, 2010, he reported that the City had failed to produce case reports concerning and/or relating to traffic stops that Office Weir had

initiated or participated in. On November 22, 2010, the Court granted Mr. Miller's request to order the City to produce the case reports. Specifically, the Court ordered "that the Plymouth Defendants produce **directly to Plaintiff**, on or before **December 6, 2010**, all such outstanding case reports relating to a traffic stop that Officer Weir initiated or participated in, including but not limited to those identified by Plaintiff." Order of Nov. 22, 2010, p. 4 [docket entry 261] (emphasis in original).

On December 6, 2010, the City filed a document entitled "Defendants' Supplemental Production Compliance Pursuant to Court's Order of November 22, 2010." On page 2, the City listed seventeen case reports that it had already produced or did not possess and then stated, "[t]he remaining cases *listed as missing* have been requested from the Plymouth Police Department and will be produced in a timely manner as available." Def. Supp. Prod., p. 2 [docket entry 269] (emphasis added).

This response is in violation of the Court's November 22, 2010 Order. First, these documents are in the sole possession, custody, and control of the Plymouth Police Department and the Court directly ordered the City to produce not only the documents "listed as missing" by Mr. Miller but rather "all such outstanding case reports." Mr. Miller represents that he has learned that the Plymouth Police Department's case reports are stored electronically as Microsoft Word documents on a computer and, thus, should be easily searchable for the ordered documents, and the City does not contest this representation. Second, the Court ordered the City to produce the documents directly to Mr. Miller on or before December 6, 2010. Instead, without seeking leave of Court, the City indicated that the document would be produced "in a timely fashion as available." Finally, Mr. Miller represents that the City is continuing to produce these documents to CJ Printing for distribution to Mr. Miller despite the Court's order that these documents be produced directly

to Mr. Miller. The City offers no good cause for these failures to follow the Court's explicit order. If production of all ordered documents was not possible by December 6, 2010, it was incumbent upon the City to file a motion with the Court seeking an extension of time to comply accompanied by a thorough explanation of the circumstances making compliance impossible.

Accordingly, the Court finds that the City failed to comply with the explicit language of the Court's November 22, 2011 Order. Therefore, the Court **ORDERS** that any outstanding case reports that should have been produced as of December 6, 2010, and that still have not been produced shall be produced by the City **directly** to Mr. Miller by **May 20, 2011**.

The Court **RECOMMENDS** that the Motion for Sanctions be **GRANTED** as to this request. As in the preceding section, the Court declines to recommend the imposition of sanctions sought by Mr. Miller under Rule 37(b)(2)(A), Rule 26(g)(3), or 18 U.S.C. § 401. Rather, the Court **RECOMMENDS** that the City of Plymouth and counsel be ordered under the Court's inherent authority to pay to the Court a monetary fine in the amount of $500 for the failure to comply with the Court's Order.

3.     *Video Evidence*

On November 3, 2009, Mr. Miller asked the City to produce audio/video recordings of traffic stops, including those during which persons and vehicles were searched following canine sniffs. On April 29, 2010, the Court ordered the City to produce the videos. In response to that Order, the City represented to Mr. Miller that it had no responsive videos in its possession, custody, or control. However, at the December 16, 2010 evidentiary hearing on Plaintiffs' Motion for Spoliation of Evidence related to the video recordings, Officer Weir testified that he has kept DVDs of traffic stops in his "drawer" at work. Pl. Br., Exh. 1, p. 55.

On the evidence before the Court, it is unclear whether counsel did not make a reasonable inquiry regarding the videos, whether counsel made the inquiry but Officer Weir did not disclose the existence of the videos, or whether there was knowledge of the videos but they were not produced. At the least, the City should have immediately turned over the videos in Officer Weir's private collection upon hearing his open-court testimony acknowledging the existence of the videos. In its Order on Mr. Miller's Motion to Compel dated this same date, the Court has ordered the City to produce directly to Mr. Miller all such videos.

The Court finds that, by failing to produce to Mr. Miller the videos of traffic stops maintained by Officer Weir, the City violated the Court's April 29, 2010 Order to produce videos. Therefore, the Court **RECOMMENDS** that the Motion for Sanctions be **GRANTED** as to this request. As in the preceding sections, the Court declines to recommend sanctions sought by Mr. Miller under Rule 37(b)(2)(A), Rule 26(g)(3), or 18 U.S.C. § 401. Rather, the Court **RECOMMENDS** that the City of Plymouth and counsel (1) be ordered under the Court's inherent authority to pay to the Court a monetary fine in the amount of $500 for the failure to comply with the Court's Order to produce videos and (2) be ordered pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) to pay to Mr. Miller his costs incurred in the amount of $298.50 to obtain the transcript of the December 16, 2010 hearing used in support of the instant motion.

4.      *Documents Related to Formal or Informal Allegations of Misconduct (done)*

On November 3, 2009, Mr. Miller requested that the Plymouth Defendants produce documents concerning and/or relating to formal and informal allegations of misconduct against Officer Weir in his capacity as a Plymouth police officer. On April 29, 2010, the Court ordered the Plymouth Defendants to produce this discovery. Plaintiffs subsequently learned that Officer Weir

had previously been the subject of a criminal investigation by the U.S. Justice Department for allegedly violating the civil rights of a citizen named Russell Prosser. On Plaintiffs' motion, the Court issued an Order on November 22, 2010, ordering Officer Weir to submit an authorization form to the Justice Department for the release of the relevant documents and to file proof thereof with the Court by December 6, 2010. Officer Weir filed his cover letter and authorization form on December 6, 2010. Officer Weir and his attorney, to whom the authorization form released the requested documents, represent that Officer Weir completed the request for information and requested that the information be forwarded directly to counsel. Counsel represents in the signed response brief that he has not received any response in any form from the Justice Department. Therefore, there are no documents to produce. Based on the published time line for the Justice Department to respond to such a request, Plaintiffs believe that Officer Weir and/or his attorney have failed to disclose correspondence and/or information that must have been sent in response to the request.

However, there is no basis before the Court to find that Officer Weir and/or his attorney have done anything to delay the Justice Department response or that they have, in fact, received a response but failed to disclose it to Plaintiffs. Therefore, the Court **RECOMMENDS** denial without prejudice of this aspect of the motion.

5.      *Litigation Hold on Videos and Amendment of Police Department Video Retention/Destruction Policy*

The Court has previously ruled that no sanctions for spoliation of evidence should be issued as a result of Defendants' conduct in relation to the retention of videos. The Court **RECOMMENDS** denial of this request for sanctions.

*6.*       *Alleged Withholding of Relevant, Unprivileged Information and Documents*

In Interrogatory No. 4, Interrogatory No. 6, and Request for Production No. 7, Mrs. Miller asks Defendants to identify non-defendant persons who may provide affidavit testimony to support a summary judgment motion and to identify and produce yet unidentified documents intended to be used in support of or in opposition to a motion for summary judgment .  Defendants objected to these requests as premature.  In the Court's Order dated May 5, 2011, the Court denied Mrs. Miller's Motion to Compel this discovery.  Accordingly, sanctions are not warranted and the Court **RECOMMENDS** denial of this request for sanctions.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Judge Van Bokkelen **GRANT in part** and **DENY in part** Plaintiffs' Joint Motion for Sanctions Against the Plymouth Defendants for Discovery Abuses [DE 325] and **ORDER** that, within fourteen days, (1) Officer Weir and counsel pay to the Clerk of this Court a fine of $1000; (2) the City of Plymouth and counsel pay to the Clerk of this Court a fine of $1000; and (3) the City of Plymouth and counsel pay $298.50 directly to Mr. Miller.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court.  The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v.*

*Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905

n.2 (7th Cir. 1988).

      So ORDERED this 5th day of May, 2011.

s/ Paul R. Cherry               
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record
         Pro se Plaintiffs