UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEVIN D. MILLER and JAMILA D. MILLER,   ) | |
|     Plaintiffs,                                                 ) | |
|                                                                         ) | |
| v.                                                                          ) | CAUSE NO.: 2:09-CV-205-JVB-PRC |
|                                                                         ) | |
| CITY OF PLYMOUTH, et al.,                              ) | |
|     Defendants.                                             ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Joint Motion to Deem Facts Admitted [DE 368], filed on April 28, 2011. The Plymouth Defendants filed a response on May 4, 2011, and Plaintiffs filed a reply on May 12, 2011.

The relevant provisions of Federal Rule of Civil Procedure 36 provide:

(1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
    (A) facts, the application of law to fact, or opinions about either; and
    (B) the genuineness of any described documents.

. . .

(4) Answer. If a matter is not admitted, the answer must specifically deny it *or state in detail why the answering party cannot truthfully admit or deny it.* A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

(5) Objections. The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

(6) Motion Regarding the Sufficiency of an Answer or Objection. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the

matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a)(4)-(6) (emphasis added).

*1.     Requests for Admission Nos. 12, 13, and 15 Propounded on the City by Mrs. Miller*

The following are the Requests for Admission propounded on the City by Mrs. Miller at issue in this motion as well as the City's responses:

**Request for Admission No. 12**:
Admit that the fourteen (14) Case/Incident Reports identified in Exhibit 13, attached hereto, failed to document that the canine "Rex" purportedly alerted to or indicated the presence of marijuana, methamphetamine, cocaine or heroin in the vehicles identified in the Case/Incident Reports.

*Response*:    Defendant objects to this request to admit as it violates the "best evidence rule" (Federal Rules of Evidence 1001 et seq.) Defendant also objects to the use of the term "purportedly", as argumentative in assuming facts not in evidence. Without waiving these objections, Defendant states that the fourteen (14) Case/Incident Reports identified in Exhibit 13 attached hereto speak for themselves.

**Request for Admission No. 13**:
Admit that the fourteen (14) Case/Incident Reports listed in Exhibit 13, attached hereto, failed to document that no marijuana, methamphetamine, cocaine or heroin was discovered after the canine "Rex" purportedly alerted to or indicated the presence of marijuana, methamphetamine, cocaine or heroine in the vehicle identified in the Case/Incident Reports.

*Response*:    Defendant objects to this request to admit, as it violates the "best evidence rule." (Federal Rules of Evidence 1001 et seq.) Defendant also objects to the use of the term "purportedly", as argumentative in assuming facts not in evidence. Without waiving these objections, Defendant states that the fourteen (14) Case/Incident Reports identified in Exhibit 13 attached hereto speak for themselves.

**Request for Admission No. 15**:
Admit that, according to the one hundred twenty-eight (128) Case/Incident Reports listed in Exhibit 14, attached hereto, the dogs that Defendant John Weir handled during the period of July 1, 2005 – December 31, 2009 alerted to or indicated the presence of marijuana, methamphetamine, cocaine or heroine in all but five (5) of the

2

vehicles the animals sniffed during that time frame. (See Case Report Nos. 03060398, 10061822, 11062094, 11071861 and 0208292).

*Supplemental Response*: Defendant objects to this request to admit, as it violates the "best evidence rule." (Federal Rules of Evidence 1001 et seq.) Defendant also objects to the use of the term "purportedly", as argumentative and assuming facts not in evidence. Without waiving these objections, Defendant states that the one hundred twenty-eight (128) Case/Incident Reports identified in Exhibit 14 speak for themselves.

Mrs. Miller argues that the City's objection that the exhibits "speak for themselves" is "an evasion of its responsibility to either admit or deny an admission request," citing Rule 36(a)(4), and asks that the Court deem Requests for Admission 12, 13, and 15 admitted. Pl. Mot., p. 2. The City provides three arguments in response.

First, the City counters that the argument that the documents "speak for themselves" is a proper objection to these requests to admit, citing *Innovative Piledriving Products, LLC v. Oy*, No.1:04-CV-453, 2005 U.S. Dist. Lexis 14744, * 9-10 (N.D. Ind. July 21, 2005).[1] In that case, the court sustained the objection that "the document speaks for itself" in response to an interrogatory asking the party to "set forth [the party's] understanding of the specific terms of the Renewed License Agreement." *Id.* at * 9 (citing *Tropp v. Western-Southern Life Ins. Co.*, No. 02 C 8341, 2003 WL 688245, at *10 (N.D. Ill. July 18, 2003) ("[a]n agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it. It speaks for itself, and the intention with which it was executed must be determined from the language used.")). The ruling in *Oy*, which specifically addressed a written agreement between the parties, is inapplicable because the instant discovery conflict does not involve a written contract between the parties but rather involves the content of case/incident reports authored by City of Plymouth police officers.

---

[1] Defendants did not provide Westlaw or Lexis citations for either of the unpublished cases cited in the brief, providing only the cause numbers.

The City also reasons that the objection is applicable because these requests to admit are "nothing more than requests to read case reports and confirm the contents for the Plaintiffs." Resp., p. 2. The Court disagrees. In the first two requests, Mrs. Miller is not asking the City to confirm the contents of the Case/Incident Reports but rather to confirm what is *not* in the reports - namely (1) in Request No. 12 that the canine alerted to or indicated the presence of an illicit drug and (2) in Request No. 13 that no illicit drugs were discovered in the vehicles after the canine alerted to or indicated the presence of an illicit drug. In Request No. 15, Mrs. Miller is asking the City to admit a conclusion about the group of documents, namely that, of the 128 Case/Incident Reports listed, the canine involved alerted to or indicated the presence of an illicit drug in all but five of the vehicles. The purpose of Rule 36 is "to eliminate from controversy matters that will not be disputed." Wright & Miller, Federal Practice and Procedure, Civ. 2d § 2256. The Court finds that Requests to Admit 12, 13, and 15 do just that, and the Court overrules this objection. *See Tate v. Campbell*, No. 2:00-CV-1041, 2001 WL 1681112, at *4 (S.D. Ohio Sept. 13, 2001) (sustaining the objection to requests for admission that the "documents speak for themselves" because the requests to admit simply reiterated the contents of the documents); *see also Argus and Assocs., Inc. v. Prof'l Benefits Servs., Inc.*, No. 08-10531, 2008 WL 5447738, *5 (E.D. Mich. Dec. 31, 2008) (overruling objection that the documents "speak for themselves" when the requests properly called for an application of law to the facts under Rule 36(a)); *McCarthy v. Darman*, No. 07-cv-3968, 2008 WL 2468694, * 5 (E.D. Pa. June 17, 2008) (explaining that, although the court generally finds that the objection that documents "speak for themselves" is generally inappropriate for a response to a request for admission, in the instant case, the responding party also specifically denied the requests); *Diederich v. Dep't of Army*, 132 F.R.D. 614, 617 (S.D.N.Y. 1990) ("[O]bjections that documents

. . . 'speak for themselves' . . . are improper. . . . [A] request for admission as to the meaning of a document . . . is simply a request for defendant's admission of having understood the . . . meaning set forth by plaintiff. This may be simply admitted or denied by defendant; if denied, the response need not, but may, include defendant's alternative interpretation.").

Second, the City reiterates its objection that the best evidence rule as subsumed in Federal Rule of Evidence 1001 governs the use of these documents. The "best evidence" rule requires only the production of an original writing, recording, or photograph. *See* 2 McCormick on Evid. § 231 (6th ed. 2009). Federal Rule of Evidence 1001 defines an "original" of a writing or recording and Rule 1002 provides that, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required." The Court overrules the objection invoking the "best evidence rule" and Federal Rule of Evidence 1001 because the issue before the Court is not one of original versus duplicate copies of a document and because the requests to admit do not seek to prove the content of the writings in the absence of an original.

Third, the City reaffirms its objection to the term "purportedly" as appropriate because the term is argumentative and assumes facts not in evidence. "Purported" is defined as "reputed, rumored." Black's Law Dict., p. 1250 (7th ed. 1999). As an initial matter, the Court notes that, despite the City's reference to the term in its supplemental response, Request to Admit No. 15 does not contain the term "purportedly." Although the parties do not discuss why Mrs. Miller has used the term"purportedly" in Request to Admit Nos. 12 and 13, the Court suspects that the term is related to concerns raised by Plaintiffs in these proceedings that the canine may not have actually "alerted" to the presence of an illicit drug in certain instances. The Court finds that this distinction regarding the actions of the canine is inconsequential to the admissions sought regarding the

5

inclusion or exclusion of information in the identified documents; what is relevant to the inquiry is that the reporting officer has indicated that the dog alerted to the presence of an illicit substance during those stops, that the fact of the alert was not indicated in the case/incident report, and that the fact that no illicit substances were found notwithstanding the canine's alert was not indicated in the case/incident report. Therefore, because the term "purportedly" only confuses the meaning of the requests to admit and possibly prejudices the City as to the meaning of its responses, the Court sustains the objection as to that term and orders that the term "purportedly" be removed from Request to Admit Nos. 12 and 13.

Accordingly, as Request to Admit No. 15 does not contain the term "purportedly," the City is **ORDERED** to serve a second supplemental response to Request No. 15 in conformity with Rule 36(a)(4). As for Request to Admit Nos. 12 and 13, the Court **ORDERS** that the term "purportedly" is removed from Request to Admit Nos. 12 and 13 and **ORDERS** the City to respond to the modified Requests in conformity with Rule 36(a)(4).

*2. Request for Admission No. 27 Propounded Upon Officer Weir by Mr. Miller*

This Request for Admission provides: "Admit that you do not contend that Plaintiff Kevin D. Miller posed a threat to you, another officer, the canine, or himself after additional law enforcement officers arrived on the scene of the roadside detention giving rise to this lawsuit (See Defendant John Weir's answer to Interrogatory No. 26)." Officer Weir responded:

> The Defendant objects to Plaintiff's Request for Admission No. 27 as asked and answered. As referred to in the Request, the Defendant John Weir has already answered under oath and affirmed that he[sic] his answer to Interrogatory No. 26 was "I do not contend that Plaintiff, Kevin D. Miller posed a threat to myself, another officer, the K-9, or himself after additional officers arrived on the scene in the roadside detention."

June 9, 2010 response (docket entry 157). In his response brief, Officer Weir argues that the fact need not be deemed "admitted" because he has already admitted the fact at least twice and that this motion is nothing more than an "unvarnished attempt to reestablish a point that has already been established." Resp., p. 3. The Court overrules the objection and **ORDERS** Officer Weir to respond to Request for Admissions No. 27 in conformity with Rule 36(a)(4).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Joint Motion to Deem Facts Admitted [DE 368] but orders relief different than requested. The Court **ORDERS** that Defendants the City of Plymouth and Officer John Weir shall have up to and including **June 17, 2011**, in which to serve discovery responses in accordance with this Order.

SO ORDERED this 18th day of May, 2011.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record
     Pro se Plaintiffs