**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| KEVIN D. MILLER and JAMILA D. MILLER, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CV-205-JVB-PRC |
| | ) | |
| CITY OF PLYMOUTH, et al., | ) | |
| Defendants. | ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Joint Motion for Sanctions Against the Plymouth

Defendants for Discovery Abuses [DE 471], filed by Plaintiffs on July 15, 2011. Defendants City

of Plymouth and John Weir filed a response on July 26, 2011, and Plaintiffs filed a reply on August

5, 2011.

On August 11, 2011, District Court Judge Joseph S. Van Bokkelen entered an Order [DE

492], referring this matter to the undersigned Magistrate Judge for a report and recommendation

solely on the request for default judgment in the instant motion pursuant to 28 U.S.C. §

636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed

findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the

Court recommends that the District Court deny the request for default judgment. As to the

remainder of the motion, the Court denies the motion.

In this motion, Plaintiffs ask the Court, pursuant to Federal Rule of Civil Procedure 37(b),

18 U.S.C. § 401, and the Court's inherent authority, for sanctions against Defendants City of

Plymouth and John Weir as well as their attorney for what Plaintiffs allege to be (1) Weir's

continued defiance of the Court's orders to provide the addresses of potential witnesses; (2) the

City's continued defiance of the Court's orders to produce outstanding Case Reports; (3) Weir's (and Weir's attorney's) false denial in a court filing that they did not possess documents relating to the Justice Department's criminal investigation of Weir and Weir's failure to produce all documents received from the Justice Department; and (4) Weir's failure to supplement his answer to Interrogatory Nos. 8 and 9 in a timely manner. The Court considers each in turn.

1. *Addresses*

On August 9, 2011, the Court issued an Order denying Mr. Miller's Motion to Compel as to Interrogatory No. 3 propounded on Officer Weir, finding that Officer Weir had not failed to comply with the Court's prior orders. Accordingly, because there is no basis for the requested sanctions, the Court recommends that Judge Van Bokkelen deny the Motion for Sanctions as to the request for default judgment and the Court denies the Motion for Sanctions as to the remaining requested sanctions on this issue.[1]

2. *Justice Department Investigation*

Similarly, in its August 9, 2011 Order, the Court denied Mr. Miller's Motion to Compel as to the U.S. Justice Department documents. Moreover, in the response brief to the instant motion, counsel for Defendants has sufficiently explained the timing of the email correspondence between himself and Officer Weir; thus, there has been no sanctionable conduct regarding disclosure of documents received by Officer Weir. Accordingly, because there is no basis for the requested sanctions, the Court recommends that Judge Van Bokkelen deny the Motion for Sanctions as to the

---

[1] To the extent that Plaintiffs raise a new argument in their reply brief as to the completeness of Officer Weir's May 20, 2011 Interrogatory answer by comparing that answer as to Interrogatory No. 3 with a prior list provided by Officer Weir, the argument is waived because, in their opening brief, Plaintiffs relied solely on Officer Weir's June 10, 2011 Answer to Interrogatory No. 1 and did not even acknowledge their receipt of the May 20, 2011 Interrogatory Answers, which included the Answer to Interrogatory No. 3, when asserting that Officer Weir had failed to comply with the Court's prior Order.

request for default judgment and the Court denies the Motion for Sanctions as to the remaining

requested sanctions on this issue.

*3. Case Reports*

As in the prior sections, in its August 9, 2011 Order, the Court found that only one case

report remained outstanding, with the City having produced the remaining three outstanding reports.

The Court ordered the City to provide directly to Mr. Miller a copy of the final outstanding report.

The Court finds that the failure to promptly disclose the Case Report regarding Adam Wagers is not

sanctionable in light of the volume of discovery in this case. Accordingly, the Court recommends

that Judge Van Bokkelen deny the Motion for Sanctions as to the request for default judgment and

the Court denies the Motion for Sanctions as to the remaining requested sanctions on this issue.

*4. Interrogatories Nos. 8 and 9*

a. Background

The following background to this dispute is taken from the Court's July 18, 2011 Order:

> On July 22, 2009, Plaintiffs filed a pro se Complaint, alleging, in part, that Defendants City of Plymouth and Officer Weir violated their rights under the Fourth Amendment to the United States Constitution during the course of a traffic stop. Plaintiffs further allege that the stop was conducted without probable cause or reasonable suspicion that a traffic infraction had occurred, that the search for drugs was conducted in an objectively unreasonable manner, and that Officer Weir used excessive force, all of which include allegations relating to the drug-detection dog utilized by Officer Weir.
> Plaintiff Kevin Miller served Interrogatory No. 9 on Officer Weir and the City, and Officer Weir and the City provided identical answers to the interrogatory on January 15, 2010:
>> No. 9: State with particularity the specific final behavioral response the canine was formally trained to exhibit when it indicates the presence of an illegal controlled substance.
>> Answer:
>>> The dog, Rex, is trained to exhibit a particular change in behavior to indicate an alert. As an example and depending on the circumstance, the dog will sit as an

3

alert. If circumstances do not allow that posture, the
dog will stare and tap his nose on an object.

Officer Weir's 1/15/10 Inter. Ans., p. 3 (docket entry 70); City's 1/15/10 Inter. Ans.,
p. 3 (docket entry 68).

On May 10, 2011, in response to a Motion for Sanctions filed by Plaintiffs,
Officer Weir wrote:

John Weir's answer [to Kevin Miller's Interrogatory No.9] filed on
or about January 15, 2010 was as follows:

The dog, Rex, signals an alert typically when he
exhibits a change in behavior; which normally
involves sniffing at an object and staying and sniffing
it repeatedly. If he does not detect a scent of any of
the drugs in question, he will not stop, he will not
sniff; rather, he will simply walk by. In instances
where there is a strong scent, he will go right to the
location of the drugs sniffing and even [tapping] with
his nose. As an example and depending on the
circumstance, Rex will sit after he alerts. If
circumstances do not allow sitting, Rex will stare and
may tap his nose on an object.

Def. 5/10/11 Resp., p. 2 (docket entry 384). This "new" answer to Interrogatory No.
9 was not previously filed with the Court.

On June 6, 2011, the Court issued an order granting in part and denying in
part the Motion for Sanctions, which sought, in part, to have Request for Admission
No. 25, propounded upon Officer Weir by Mrs. Miller, deemed admitted. The Court
made the following ruling regarding Request for Admission No. 25:

**Request for Admission No. 25**

Admit that the canine "Rex" was trained to alert to or indicate the
presence of marijuana, methamphetamine, cocaine and/or heroin by
"sitting."

**Response**:     John Weir objects to this Request to Admit as it has
been asked and answered. Without waiving his
objection, John Weir denies the facts set forth in
Request to Admit 25.

The Court finds that Plaintiffs have not demonstrated that
Request to Admit No. 25 is true based on the totality of Officer
Weir's other statements of record on this issue. Although "sitting"
appears to be part of the canine's possible reactions when he alerts to
or indicates the presence of marijuana, methamphetamine, cocaine
and/or heroin, it is not the only reaction nor does it appear to
necessarily be his first reaction. Therefore, it is not false for John
Weir to deny Request for Admission No. 25 as worded, and the Court
denies Plaintiffs' request to deem admitted Request for Admission
No. 25.

6/6/11 Order (docket entry 431).

Plaintiff Kevin Miller also served Interrogatory No. 8 on Officer Weir and the City, both of which provided identical answers to the interrogatory on January 10, 2010:

> No. 8: Identify every substance the canine has been formally and successfully trained to indicate the presence of.
>
> Answer:
>
> Heroin, Cocaine, Marijuana, and Methamphetamine

Officer Weir's 1/15/10 Inter. Ans., p. 3 (docket entry 70); City's 1/15/10 Inter. Ans., p. 3 (docket entry 68).

On June 17, 2011, the Court issued an Order on Plaintiffs' Joint Sixth Motion to Compel, which addressed whether Officer Weir had properly answered an interrogatory regarding whether an exhibit compiled by Plaintiff was an accurate listing of 210 "canine case summaries" that Officer Weir had produced for a given time period that Plaintiff believed indicated that "no marijuana, methamphetamine, cocaine or heroin was discovered after the canine Rex purportedly alerted to a vehicle detained for an alleged traffic violation." (Docket entry 315). The interrogatory asked Officer Weir to identify which of the 210 documents should not be included on the list. Officer Weir's response included the following:

> Defendant disagrees with Plaintiff's characterization that no illegal substances were found in the resulting documents:

| Date/Time | Point of Disagreement |
| --- | --- |
| 6/30/2007 at 2345 | Rolling papers found |
| 9/14/2007 at 2121 | Subjects had just left known drug house |
| 9/14/2007 at 1928 | Precursors |
| 9/16/2007 at 2049 | Suspect admitted having smoked dope and had other users in car |
| 9/17/2007 at 2244 | Precursors three bags of pills and paraphernalia |
| 9/18/2007 at 2210 | Both occupants had history of drug use |
| 10/10/2007 at 2145 | Zigzag papers found |

> [59 additional such listings]

(Docket entry 388). In its ruling on the Motion to Compel, the Court held, in part:

> However, the canine may alert to or indicate the presence of an illegal substance, not limited only to the presence of one of the four illegal substances identified by Plaintiffs but may also result in the discovery of other items (as listed in Officer Weir's Interrogatory No. 11 response) related to illegal substances. While the Court recognizes Plaintiffs' efforts to narrow the issues for trial and facilitate the presentation of evidence for summary judgment and trial, the Court finds that Officer Weir has properly answered the Request for

Admission, the Request for Production, and the Interrogatory given the discrepancy in the interpretation of the relevant information contained in the identified Canine Case Summaries. The Court DENIES the Motion to Compel as to these discovery requests.

6/17/11 Order, pp. 3-6 (docket entry 446).

7/18/11 Order, pp. 1-4 (Docket entry 473).

b. Interrogatories Nos. 8 & 9

Plaintiffs ask the Court to sanction the Plymouth Defendants for allegedly changing their answer to Interrogatories Nos. 8 and 9. In the July 18, 2011 Order, the Court granted Plaintiffs' request to extend the deadline to obtain an expert in order to address the canine's training as a result of the new information related to the answer to Interrogatory no. 8 and the "new" answer to Interrogatory No. 9 provided by the Plymouth Defendants on May 10, 2011. The Court finds that allowing Plaintiffs additional time to obtain an expert in order to address the training of the canine as well as that of Officer Weir sufficiently addresses any prejudice to Plaintiffs as a result of Defendants' discovery responses.

**CONCLUSION**

Based on the foregoing, the Court **RECOMMENDS** that the District Court **DENY** the request for default judgment in the Joint Motion for Sanctions Against the Plymouth Defendants for Discovery Abuses [DE 471]. The Court further **DENIES** the remainder of the Joint Motion for Sanctions Against the Plymouth Defendants for Discovery Abuses [DE 471].

This Report and Recommendation, solely on the issue of default judgment contained in the Joint Motion for Sanctions Against the Plymouth Defendants for Discovery Abuses, is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections

thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the

right to challenge this Recommendation before either the District Court or the Court of Appeals.

*Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668

(7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989);

*Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

      SO ORDERED this 17th day of August, 2011.

s/ Paul R. Cherry

MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record