# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| KEVIN D. MILLER and JAMILA D. MILLER, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF PLYMOUTH, et al., )<br>)<br>Defendants. ) | Civil Action No. 2:09-CV-205 JVB |

## ORDER

Magistrate Judge Paul Cherry issued a Report and Recommendation (DE 379) on Plaintiffs' Joint Motion for Sanctions Against Plymouth Defendants for Discovery Abuses (DE 325). Judge Cherry recommended that the Court grant in part and deny in part Plaintiffs' motion and award certain sanctions against Defendants and their counsel. Both sides timely objected to the Report and Recommendation.

Judge Cherry's Report addresses six discovery contentions:

(1) Officer Weir's defiance of multiple Court orders to provide the addresses of potential witnesses;

(2) the City's defiance of the Court's order to produce outstanding case reports;

(3) the City's defiance of the Court's order to produce video evidence;

(4) Officer Weir's failure to produce documents concerning or relating to allegations of misconduct against him;

(5) the Plymouth Defendants' attorney's failure to advise his clients to implement a litigation hold on requested video evidence or amend the Plymouth Police

>       Department's video retention/destruction policy; and

> (6) the Plymouth Defendants' improper withholding of relevant, unprivileged information and documents.

Neither side objected to Judge Cherry's recommendation to deny sanctions against Defendants on the last three contentions. Accordingly, the Court will accept them as recommended.

Contentions (1) through (3) arose out of Defendants' and their counsel's defiance, individually and collectively, to turn over the requested evidence to Plaintiffs. Judge Cherry details Defendants' failures to obey the Court's orders time after time and describes their attempts to contravene what has been asked of them. Having explained thoroughly Defendants' and their counsel's violations, Judge Cherry recommends that they and their counsel be fined in the amount of $2,000. In addition, Judge Cherry recommends that the City and its counsel reimburse Plaintiffs $298.50, which is what it cost Mr. Miller's to obtain the transcript of the December 16, 2010, hearing in support of Plaintiffs' motion for sanctions.

In their objection to Judge Cherry's recommendations, Defendants submit the same arguments that got them into hot water in the first place. If Defendants at any point thought that Judge Cherry's orders to compel were unreasonable, they had the option of seeking relief. Instead, they failed to comply with the orders without an explanation and, in the end, without justifiable reason. Judge Cherry's recommendation of fines is appropriate both in kind and amount for this reticence. Likewise, Judge Cherry's recommendation that Plaintiffs be reimbursed for the costs of the transcript is well-suited.

In their objection, Plaintiffs argue that Judge Cherry's recommended fines are too small

and they will not deter Defendants from further defiance of Court's orders. Plaintiffs, therefore, insist that Defendants should suffer greater fines, be prohibited from opposing *Monell* claims, and ultimately have default judgment entered against them. The Court agrees with Judge Cherry that a larger fine or evidentiary sanctions would be excessive of what is needed to bring Defendants back in compliance with the Court's orders.

Having considered Judge Cherry's well-reasoned Report and Recommendation, the Court overrules Plaintiffs' objections (DE 396), overrules Defendants' objections (DE 392), and ACCEPTS the Report and Recommendation (DE 379) in its entirety.

Accordingly, the Court—

- GRANTS in part and DENIES in part Plaintiffs' Joint Motion for Sanctions Against the Plymouth Defendants for Discovery Abuses (DE 325); and
- ORDERS that, within 14 days—
    - (1) Officer Weir and counsel pay to the Clerk of this Court a fine of $1,000;
    - (2) the City of Plymouth and counsel pay to the Clerk of this Court a fine of $1,000; and
    - (3) the City of Plymouth and counsel pay $298.50 directly to Mr. Miller.

SO ORDERED on September 30, 2011.

   s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge