UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KEVIN D. MILLER and JAMILA D. MILLER, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CV-205-JVB-PRC |
| | ) | |
| CITY OF PLYMOUTH, et al., | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Joint Motion to Reconsider [DE 543] and Plaintiffs' Joint Motion to Order the Plymouth Defendants to File the Deposition Transcript of Steven D. Nicely [DE 545], both filed on January 18, 2012. Both motions are fully briefed.

On June 17, 2011, the Court denied Plaintiffs' Motion to Compel the production by the Plymouth Defendants of the transcripts of Plaintiffs Kevin and Jamila Miller's depositions. The Court's Order provided:

> Mrs. Miller asks the City to produce transcripts of Plaintiffs Kevin and Jamila Miller's depositions. The City objected, asserting that Plaintiffs are "attempt[ing] to deny the Court Reporter her livelihood" by requesting "free transcripts." The Court sustains the City's objection and **DENIES** the motion to compel as to these discovery requests. Plaintiffs are free to request of the Court Reporter and pay for copies of the deposition transcripts.

Court Order of June 17, 2011 (docket entry 446). In the instant motions, Plaintiffs argue that the restyling of Local Rule 26.2 compels reconsideration of the Court's June 17, 2011 ruling and an order requiring the Plymouth Defendants to file the transcripts of Plaintiffs' depositions as well as the transcript the Plymouth Defendants have obtained of Steven Nicely's deposition.

At the time of the Order, Local Rule 26.2 provided, in relevant part:

> Because of the considerable cost to the parties of furnishing discovery materials, and the serious problems encountered with storage, this court adopts the following procedure for filing of discovery and other materials with the court:

(a) The following material shall not be filed with the court until used in the proceedings or ordered to be filed: (i) Rule 26(a)(1) and (a)(2) disclosures; (ii) notices of deposition; (iii) depositions; (iv) interrogatories; (v) requests for documents or to permit entry upon land; (vi) requests for admission; (vii) responses or answers to interrogatories, to requests for documents, to requests to permit entry upon land, and to requests for admission; and (viii) notices of service of discovery. The party responsible for service of the discovery material shall retain the original and become the custodian.

. . . .

(e) In *pro se* litigation, all discovery shall be filed.

N.D. Ind. L.R. 26.2 (effective Dec. 1, 2010).

On January 1, 2012, the Court's restyled Local Rules became effective, and Local Rule 26-2 now provides, in its entirety:

**(a) Generally.**

    **(1)** **Discovery Ordinarily Not Filed**. The party who serves a discovery request or notices a deposition is the custodian of the original discovery response or deposition transcript. Except as required under subdivision (a)(2), parties must not file:

        **(A)** disclosures under Fed. R. Civ. P. 26(a)(1) or (2);

        **(B)** deposition notices;

        **(C)** deposition transcripts;

        **(D)** interrogatories;

        **(E)** requests for documents, to permit entry upon land, or for admission;

        **(F)** answers to interrogatories;

        **(G)** responses to requests for documents, to permit entry upon land, or for admission; or

        **(H)** service-of-discovery notices.

    **(2)**  *Exceptions*.

      **(A)**  *Pro Se Litigation*. All discovery material in cases involving a pro se party must be filed.

      **(B)**  *Specific Material*. Discovery material must also be filed when:

        (i) the court orders; or

        (ii) the material is used in a proceeding.

    **(3)** *Motions to Publish Not Required*. Motions to publish deposition transcripts are not required.

  **(b)**  **Filing Materials with Motion for Relief**. A party who files a motion for relief under Fed. R. Civ. P. 26(c) or 37 must file with the motion those parts of the discovery requests or responses that the motion pertains to.

  **(c)**  **Materials Necessary for Motion**. A party must file those portions of discovery requests or responses (including deposition transcripts) that the party relies on to support a motion that could result in a final order on an issue.

  **(d)**  **Materials to be Used at Trial**. A party who reasonably anticipates using discovery requests or responses—including deposition transcripts—at trial must file the relevant portions of the requests or responses with the clerk at the start of the trial.

N.D. Ind. L.R. 26-2 (effective Jan. 1, 2012).

  In the instant motions, Plaintiffs argue that the restyled rule requires that all discovery, including deposition transcripts, must be filed in pro se cases. Although the restyling of the Local Rules clarifies the rule, the Court finds that the substance of the rule has not changed. In fact, the "Guiding Principles" of the restyled local rules, available on the Court's internet page, www.innd.uscourts.gov, lists the principles that guided the drafters of the restyled local rules in order of priority. The first guiding principle provides that "[t]he substance of the rules should not change." Notwithstanding the apparent mandatory nature of the language in restyled Local Rule 26-

2(a)(1) and (a)(2), the Court denies both the request to reconsider its June 17, 2011 Order and the request to order the Plymouth Defendants to file the deposition transcript of Steven D. Nicely.

One of the purposes of requiring parties to file discovery in pro se litigation is to assist the Court in monitoring the discovery process in pro se litigation. While the filing of a deposition *notice* serves this purpose, the filing of a deposition transcript does not. In the instances in which excerpts from a deposition transcript would support a motion filed with the Court, Local Rules 26-2(c) and (d) (and Local Rule 26.2(c)[1] before it) requires that the relevant excerpts of the deposition transcript be filed of record in support of the motion. There is currently no motion before the Court by the Plymouth Defendants that requires the filing of supporting deposition transcript excerpts.[2]

In the interests of justice, the Court reaffirms its holding in its June 17, 2011 Order that to require one party to file a deposition transcript of record would deny the Court Reporter her livelihood by essentially providing free copies of the full transcript to all other parties via the docket. Notably, Plaintiffs are not proceeding in forma pauperis in this case. As stated in the June 17, 2011 Order, Plaintiffs continue to be able to request of and pay the Court Reporter for copies of the deposition transcripts they seek, including their own depositions and that of their expert Steven Nicely.[3] The Court finds that there are no circumstances in this case that would support the Court

---

[1] Under the prior version of the rules, Local Rule 26.2(c) provided:
If interrogatories, requests, answers, responses or depositions are to be used at trial or are necessary to a pretrial motion which might result in a final order on any issue, the portions to be used shall be filed with the clerk at the outset of the trial or at the filing of the motion insofar as their use can be reasonably anticipated.
N.D. Ind. L.R. 26.2(c) (effective Dec. 1, 2010).

[2] Notably, the "transcript" identified by Plaintiffs in their motion to reconsider that the Plymouth Defendants filed in support of their Motion for Sanctions on June 27, 2011, was not a deposition transcript but rather was a transcript of the discovery review by Plaintiffs that occurred at the Plymouth Police Department on June 2, 2011.

[3] Federal Rule of Civil Procedure 30(b)(3), which addresses the method of recording depositions by oral examination, provides, in relevant part: "The noticing party bears the recording costs. Any party may arrange to transcribe a deposition." Fed. R. Civ. P. 30(b)(3). Rule 30(f)(3), which addresses copies of the transcript or recording of a deposition, provides "Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When

shifting the cost of obtaining a copy of the deposition transcript away from Plaintiffs simply because of their pro se status.

Based on the foregoing, the Court hereby **DENIES** Plaintiffs' Joint Motion to Reconsider [DE 543] and **DENIES** Plaintiffs' Joint Motion to Order the Plymouth Defendants to File the Deposition Transcript of Steven D. Nicely [DE 545].

SO ORDERED this 3rd day of February, 2012.

                                                s/ Paul R. Cherry
                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record
       Pro se Plaintiffs

---

paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent." Fed. R. Civ. P. 30(f)(3).