# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| KEVIN D. MILLER and | ) | |
| JAMILA D. MILLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 2:09-CV-205 JVB |
| | ) | |
| CITY OF PLYMOUTH, MARSHALL | ) | |
| CNTY. SHERIFF'S DEP'T, JOHN | ) | |
| WEIR, individually and in his official | ) | |
| capacity as an employee or agent of the | ) | |
| City of Plymouth and/or the Plymouth | ) | |
| Police Department, NICHOLAS | ) | |
| LAFFON, individually and in his | ) | |
| official capacity as an employee or | ) | |
| agent of Marshall County and/or the | ) | |
| Marshall County Sheriff's Department | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On May 18, 2008, Plaintiffs Kevin and Jamila Miller were driving in their car from Gary, Indiana, to Fort Wayne, Indiana, on U.S. 30. Millers allege in this suit that they were stopped in Plymouth, Indiana, by Defendant police officers Nicholas Laffoon and John Weir. According to Millers, officers Weir and Laffoon searched them and their car in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

During the course of litigation, Defendants retained Mark Becker as an expert on proper police practices. They disclosed Mr. Becker's expert report on April 11, 2011, which Plaintiffs moved to strike as untimely and contrary to Federal Rules of Evidence 702 and 403.

### A. Defendant's disclosure of the expert report was timely

On September 15, 2010, Magistrate Judge Paul Cherry set February 1, 2011, as the deadline for disclosure of Plaintiffs' expert reports, with the Defendants' expert's reports to follow on March 1, 2011. (DE 228.)

On January 6, 2011, Judge Cherry granted Plaintiffs' motion to extend their expert disclosure deadline without opposition from Defendants. Judge Cherry set the new deadline for March 10, 2011. (DE 295.) Judge Cherry did not explicitly extend Defendants' expert disclosure deadline, but such extension is implicit in Judge Cherry's order because Defendants' expert report was to follow Plaintiffs' report. Hence, when Defendants disclosed Mr. Becker's report on April 11, 2011, within 30 days of Plaintiffs' disclosure deadline (April 10 was a Sunday), they complied with the Court's deadlines.

### B. Plaintiffs' motion for evidentiary rulings is premature

Plaintiffs object to the substance Mr. Becker's report as well. They argue that the report will not help the jury, that it contains legal conclusions, is unreliable, unfairly prejudicial, confusing, and misleading to the jury.

While the Court agrees that some of Plaintiffs' claims may be meritorious if the report constituted Mr. Becker's actual testimony, ruling on the issues proffered in the report is an academic exercise. Plaintiffs do not claim that the report warrants a *Daubert* consideration. Moreover, Defendants do not suggest that the report will be introduced into evidence so as to require the Court to make evidentiary rulings at this point. Therefore, Plaintiffs' arguments are premature and are best left for a motion in limine or after Mr. Becker's testimony is offered at trial.

3

**Conclusion**

The Court denies Plaintiffs' motion to strike Defendants' expert's report (DE 361).

SO ORDERED on March 30, 2012.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE