United States District Court
Northern District of Indiana
Hammond Division

KEVIN D. MILLER and
JAMILA D. MILLER,

      Plaintiffs,

v.

CITY OF PLYMOUTH;

JOHN WEIR, in his individual capacity and
official capacity as an employee or agent
of the City of Plymouth and/or the Plymouth
Police Department;

MARSHALL COUNTY SHERIFF'S
DEPARTMENT;

NICHOLAS LAFFOON, in his individual
capacity and official capacity as an employee
or agent of Marshall County and/or the
Marshall County Sheriff's Department; and

BRUCE CARTER, in his individual
capacity and official capacity as an
employee or agent of Marshall County
and/or the Marshall County Sheriff's
Department,

      Defendants.

Case No. 2:09-CV-205-JVB

**OPINION AND ORDER**

On August 15, 2012, the Court ruled on the parties' cross-motions for summary judgment. The Court granted summary judgment for all defendants as to all of Plaintiffs' claims, except as to the Fourth Amendment search and seizure claim, the First Amendment retaliation claim, and

1

the state law claim of false imprisonment. Each party has moved for the Court to reconsider its rulings. In addition, Defendants City of Plymouth and Officer Weir ask for certain clarifications.

### A. The Marshall County Defendants

Defendants Officer Laffoon, Sgt. Carter and the Marshall County Sheriff's Department submit that the Court should have granted summary judgment in their favor in its entirety. These Defendants argue that their participation in the search and detention of Mr. and Mrs. Miller was premised on Officer Weir's representation that his police dog, Rex, alerted for drugs, thus giving them probable cause for intruding into the Millers' privacy. They are correct to a point and the Court will amend its ruling as follows.

It is undisputed that Officer Laffoon and Sgt. Carter were not near Officer Weir and Rex, when Rex allegedly alerted for the presence of illegal drugs in Plaintiffs' car. While Rex was sniffing around the car, Officer Laffoon was inside his patrol unit writing a speeding ticket to Mr. Miller; Sgt. Carter was elsewhere altogether. When Officer Laffoon got out of the car, Officer Weir told him that Rex had alerted for drugs. When sometime later, Sgt. Carter arrived on the scene, Officer Laffoon communicated to him what he had learned from Officer Weir.

Both officers were justified in relying upon Officer Weir's representation. This is true both under federal law, *see Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 680 (7th Cir. 2007) (officers can rely upon other officers for ascertaining if probable cause exists), and Indiana law, *see Row v. Holt*, 864 N.E.2d 1011, 1019 (Ind. 2007) (the arresting officer is not at fault if it turns out that there was no probable cause at the source). There is no evidence that these officers knew or should have known that Rex's alert may have been unreliable or even a result of Officer Weir's intentional cueing, as Plaintiffs argue. They had no reason to believe that Officer Weir

2

was not truthful, and as a result they cannot be held liable to Plaintiffs for searching the car in places where drugs could be found or detaining them during the duration of such search, even if, in hindsight, it is proven that no probable cause existed for the search. Thus they are entitled to summary judgment on all of Plaintiffs' claims, except as explained below.

However, Officer Laffoon should have known---as would any reasonable officer in his shoes---that reading Plaintiffs' papers, as alleged by Mr. Miller, exceeded the scope of the search authorized by the Fourth Amendment to the Constitution. While probable cause justifies the search of every part of the vehicle and its contents that may conceal the object of the search, *see United States v. Ross*, 456 U.S. 798, 825 (1982), the jury is in the best position to determine whether Officer Laffoon had reason to search for contraband in Plaintiffs' papers, and whether he actually searched for such contraband or was merely reading Plaintiffs' papers. *See id*. at 823 ("The scope of a warrantless search based on probable cause is no narrower-and no broader-than the scope of a search authorized by a warrant supported by probable cause."). Accordingly, the scope of Officer Laffoon's search as it relates to Plaintiffs' personal papers remains an issue for trial.

Plaintiffs also argue that Sgt. Carter should likewise remain in the case because he failed to stop Officer Weir from unlawfully searching Mr. Miller . They rely on *Wyoming v. Houghton*, 526 U.S. 295 (1999) and *United States v. Di Re*, 332 U.S. 581 (1948) for the proposition that probable cause to search a car does not justify a body search of its passengers. However, Mr. Miller was not a passenger in the car; rather he was the driver. Moreover, the record is murky as to whether Officer Weir had probable cause to search him in addition to the car for drugs. The record on this issue needs to be fully developed at trial. Therefore, the Court denies Sgt. Carter's

request for summary judgment regarding Plaintiffs' claim that he failed to stop an unlawful search of Mr. Miller.

Plaintiffs argue that Officer Laffoon and Sgt. Carter should be held liable as a matter of law for failing to timely remove Mr. Miller's handcuffs and for failing to intervene with Officer Weir who kept him in handcuffs longer than necessary. Again, the issue of Mr. Miller's detention is controlled by Officer Weir's belief that illegal drugs were present in his car. Whether that belief was genuine or not, Officer Laffoon and Sgt. Carter properly relied upon Officer Weir's representation, and there is nothing to suggest that Mr. Miller was detained and handcuffed longer than necessary.

**B. The Plymouth Defendants**

Plaintiffs ask the Court to reconsider its ruling regarding their claims that Officer Weir used excessive force in deploying Rex inside their car while Mrs. Miller was still in it. The Court's opinion remains unchanged: while, under the circumstances, allowing Rex in Plaintiffs' car with Mrs. Miller present demonstrates Officer Weir's poor judgment, the record does not suggest that this constitutes either the use of excessive force or the commission of the state law tort of assault and battery.

Plaintiffs further contend that Officer Weir violated the Fourth Amendment as a matter of law when he searched Mr. Miller's person for drugs. They also contend that the search took place admittedly pursuant to the City of Plymouth's policy. As explained above, the circumstances and the justification for Mr. Miller's search need to be developed at trial for the issue to be fully considered. Accordingly, the Court denies Plaintiff's request to enter summary judgment in their favor on this issue. However, insofar as the City is admitting, if at all, that

Officer Weir acted pursuant to its policy in searching Mr. Miller, the City would be liable to Mr. Miller pursuant to the *Monell* doctrine, if he succeeds in proving that the search violated his constitutional rights. Accordingly, the City of Plymouth must remain in this case for this limited issue.

Plaintiffs would also like to hold the City liable for failure to train and supervise Officer Weir. In particular, they claim that the City did not require Officer Weir to report Rex's false alerts, did not review the car videos from the stops, and had no policy for getting rid of unreliable police dogs. As in their original motion, so on the motion to reconsider, Plaintiffs have failed to demonstrate that Officer Weir's supervisors knew or should have known of any potential problem with Rex's reliability. Without evidence of such knowledge, their argument that the City failed to train or supervise Officer Weir is futile.

As for the Plymouth Defendants, they seek clarification as to whether Rex's overall reliability as a narcotics dog is an issue for trial, in addition to the reliability of Rex's specific alert on Plaintiffs' car. As the Court explained in its ruling on Plymouth Defendants' motion to exclude Plaintiffs' expert witness, the probable cause determination in this case can be invalidated in two ways. First, Plaintiffs could show that Officer Weir cued Rex into falsely alerting for drugs.[1] Second, Plaintiffs could establish that Rex's performance on the job was consistently unreliable, to the point that the alerts have become reflexes to random stimuli as opposed to the presence of illegal drugs.

The Plymouth Defendants also ask the Court to essentially spell out each theory under which Plaintiffs may or may not advance their claims at trial. The Court declines to do so. It is up to Plaintiffs how they want to proceed at trial: so long as they present their evidence in line with the

---

[1] Subconscious, unintentional cueing, as claimed by Plaintiffs' expert, is unlikely to invalidate probable cause.

federal rules and within the scope of the remaining claims, the Court will not restrict them to any particular theory of the case; nor will the Court touch on the prudence of any such theory.

**C. Conclusion**

Consistent with the above, the Court---

- grants in part and denies the Marshall County Defendants' motion to reconsider (DE 658);

- grants in part and denies in part Plaintiffs' motion to reconsider (DE 663);

- grants in part and denies in part the Plymouth Defendants' motion to clarify and to reconsider (DE 654).

SO ORDERED on October 24, 2012.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE