UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEVIN D. MILLER and JAMILA D. MILLER, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 2:09-CV205 JVB |
| ) | |
| CITY OF PLYMOUTH; ) | |
| JOHN WEIR, in his individual capacity and in his official ) | |
| capacity as an employee or agent of the City of Plymouth and/or ) | |
| the Plymouth Police Department; ) | |
| NICHOLAS LAFFOON, in his individual capacity and in ) | |
| his official capacity as an employee or agent of Marshall ) | |
| County and/or the Marshall County Sheriff's Department; ) | |
| and ) | |
| BRUCE CARTER, in his individual capacity and in his ) | |
| official capacity as an employee or agent of Marshall ) | |
| County and/or the Marshall County Sheriff's Department, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF ORDER**

On November 26, 2012, the Court began a trial in this case on Plaintiffs' claims arising out their traffic stop in Plymouth, Indiana. Plaintiffs alleged that Defendants violated their First and Fourth Amendment rights under the United States Constitution and committed the tort of false imprisonment under the Indiana law.

At the conclusion of Plaintiffs' case, Defendants Nicholas Lafoon and Bruce Carter moved for judgment as a matter of law under Federal Rule of Civil Procedure 50. The Court granted the motion orally and this order is meant to serve as a brief memorandum of that decision.

Plaintiffs claimed that John Weir searched Mr. Miller without probable cause and that Carter failed to stop this violation. The Court found that a reasonable jury would not have a legally sufficient evidentiary basis to find against Carter on this issue because Plaintiffs did not

1

show that he either had the knowledge of the violation or the opportunity to intervene. In fact, Plaintiffs' claim against Carter was rendered moot when the jury returned the verdict finding no violation against Weir for searching Mr. Miller's person.

As for Defendant Laffoon, Plaintiffs claimed that he exceeded the scope of the search for contraband by reading Plaintiffs' personal correspondence. However, at trial, Plaintiffs failed to present evidence that this in fact happened. Instead, Mr. Miller testified that he saw Laffoon flipping through documents, but he did not know what those documents were. Plaintiffs also presented evidence that Laffoon told another officer that Millers had in their car a rental car receipt and a money order. According to Plaintiffs, this was enough to establish that Laffoon exceeded the bounds of the Fourth Amendment protections.

To the contrary, this evidence fails to establish that Laffoon violated the Fourth Amendment. The evidence at trial established that the officers were looking for illegal drugs. They testified that drugs can be hidden in many places, including among personal papers. They can be packaged in such a way that they can sandwiched between pages and a thorough search may require fanning or flipping through those pages. The evidence established that Laffoon did just that: although he was flipping through the pages, there is no indication that he was actively reading them. He did inadvertently recognize a rental car receipt and a money order, both of which he was very familiar with, but that does not mean that he exceeded the scope of the allowable search. *Cf. with United States v. Dichiarinte*, 445 F.2d 126, 130 (7th Cir. 1971) (where the agents went beyond what was necessary to determine whether defendant had hidden narcotics among his personal papers by reading them to determine whether they gave any hint that defendant was engaged in criminal activity ).

3

For these reasons, the Court reiterates the grant of Defendant Nicholas Laffoon's and Defendant Bruce Carter's motions for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.

SO ORDERED on December 14, 2012.

  S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE