UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEVIN D. MILLER and JAMILA D. MILLER, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 2:09-CV-205 JVB |
| ) | |
| CITY OF PLYMOUTH; ) | |
| JOHN WEIR, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

The Court held a trial in this case on Plaintiffs' claims arising out of their traffic stop in Plymouth, Indiana. Plaintiffs alleged that Defendants violated their First and Fourth Amendment rights under the United States Constitution and committed the tort of false imprisonment under Indiana law. In particular, Plaintiffs argued that Officer Weir's use of a police dog to sniff around their car violated their constitutional rights and that the violation continued when Officer Weir and other officers began the search inside the car upon the dog's indication that it smelled narcotics. Plaintiffs maintain that the dog was insufficiently trained to alert for narcotics and that Officer Weir was not justified in relying on the dog's alert. Plaintiffs maintained that Officer Weir had no probable cause to search their car.

Plaintiffs also asserted that Officer Weir had no probable cause to search their persons, and, on his own behalf, Mr. Miller argued that Officer Weir arrested him without probable cause. Furthermore, Mr. Miller claimed that Officer Weir retaliated against him for the exercise of his First Amendment rights. Finally, Mr. Miller argued that the City of Plymouth, which employed Officer Weir, was liable under Indiana law for Officer Weir falsely imprisoning him.

The jury returned a verdict in favor of Defendants on all counts.

1

I.

Although Plaintiffs did not object to the Court's instructions at the time they were given to the jury, they now claim that the Court failed to properly instruct the jury on the applicable law and thus committed plain error. They also submit that the jury's verdict that Officer Weir had probable cause to search and detain Plaintiffs was against the manifest weight of the evidence. They ask for a new trial to remedy the errors, but their request is without merit.

"A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." Fed. R. Civ. P. 51(d)(2). The court must "review jury instructions to determine whether those instructions completely and accurately informed the jury of the relevant legal principles." *Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chi.*, 488 F.3d 739, 751 (7th Cir. 2007). In making this determination, the instructions are examined as a whole rather than in isolation from one another. *Id*. A new trial would be required only if the inaccuracy or omission in the instructions' statement of the law misled or confused the jury to the prejudice of the moving party. *Id*. To get a new trial under the plain error standard, a plaintiff must show "not only that an error occurred, which, in retrospect, is obvious, but also that the error, among other things, affected the substantial rights of the [movant]." *Id*.

The Court may also grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). For example, a new trial may be granted where "'the verdict is against the weight of the evidence . . . or if for other reasons the trial was not fair to the moving party.'" *Winger v. Winger*, 82 F.3d 140, 143 (7th Cir.1996) (quoting *McNabola v. Chi.Transit Auth.*, 10 F.3d 501, 516 (7th Cir.1993)). The decision whether to grant a motion for a new trial is committed to the sound discretion of the trial court. *Van Bumble v. Wal-Mart Stores, Inc.,* 407 F.3d 823, 827 (7th Cir. 2005).

II.

The relevant facts can be summarized briefly. Officer Laffoon pulled over Plaintiffs' car for speeding. Mr. Miller was the driver. Officer Weir was near the stop and came to assist Officer Laffoon. While Officer Laffoon was writing a speeding ticket, Officer Weir ordered his police dog, Rex, to sniff around Plaintiffs' car. Mr. Miller vehemently objected. Rex alerted for drugs and the officers had Mr. Miller get out of the car. While Mrs. Miller was still in the car, Officer Weir ordered Rex to sniff inside the car. Although there was no additional alert, Officer Weir searched the car. He also looked inside the open coat of Mrs. Miller and searched Mr. Miller.

As Mr. Miller kept protesting, Officer Weir placed him in handcuffs. Mr. Miller remained in handcuffs until the search of the car was completed. No drugs or other contraband were found. The entire stop lasted about 40 minutes.

III.

Plaintiffs argue that the Court did not properly instruct the jury as to the meaning of probable cause that was needed before Officer Weir could search the car and the Plaintiffs or handcuff Mr. Miller. However, what Plaintiffs are really contesting is that the Court did not incorporate their closing arguments into the jury instructions. For example, Plaintiffs submit that the Court should have explained the dynamics of a drug dog's alert and the differences between the dog's active and passive behavior. They also contend that the jury instructions should have differentiated between various levels of seizure. But arguments do not belong in the jury instructions; explanations of the law do. And Plaintiffs have not shown that the Court's probable

cause instruction, which was taken from the Seventh Circuit's pattern instruction 7.06, was erroneous, let alone plainly erroneous.[1]

Similarly, Plaintiffs have presented no case to contradict the validity of the Court's instruction on an arrest.[2] Instead, they want to argue about what really motivated Officer Weir to arrest Mr. Miller. But their argument is nullified by the jury's finding, presumably based on objective evidence, that Officer Weir had probable cause to arrest Mr. Miller.

Plaintiffs also complain that the Court did not properly instruct the Jury as to the alleged First Amendment violation. In particular, they claim that it was an error for the Court to advise the jury that Mr. Miller could not proceed on his First Amendment claim if the Jury found that there was probable cause to arrest him. In doing so, they ignore *Reichle v. Howards*, 132 S. Ct. 2088 (2012). In that case, the Supreme Court held that Secret Service officers were protected by qualified immunity against plaintiff's claim that they arrested him in retaliation for his speech because the arrest was otherwise supported by probable cause. *Id*. at 2093. The Supreme Court noted that it had never held that there was a specific right to be free from a retaliatory arrest irrespective of probable cause." *Id.* at 2094. In light of this opinion, this Court correctly instructed the Jury that if there was probable cause to arrest Mr. Miller, the Jury did not need to consider Mr. Miller's First Amendment claim.

---

[1] Jury Instruction 24 stated:
> Let me explain what "probable cause" means. There is probable cause for a search or seizure if at the moment of the search or seizure of a plaintiff, a prudent person would have believed that the plaintiff was committing a crime.
> In making this decision, you should consider what Defendant John Weir knew and what reasonably trustworthy information he had received.
> Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that the defendant's belief was probably right.

(Court's Instructions, DE 717, at 25.)

[2] Jury Instruction 31 stated:
> An "arrest" occurs when, in view of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.

(Court's Instructions, DE 717, at 32.)

Next, Plaintiffs argue that the Jury's finding that Officer Weir had probable cause to search and seize Plaintiffs and their property was contrary to the weight of the evidence. They base their claim on what they believe constituted "uncontroverted evidence" and "undisputed" facts at trial. Yet they ignore that theirs was not the only evidence presented at trial. Having closely observed the trial, the Court finds nothing that suggests manifest unfairness toward Plaintiffs or that the jury's verdict was unreasonable. Ordering a new trial would constitute an abuse of Court's discretion.

IV.

For these reasons, the Court denies Plaintiffs' motion for a new trial (DE 728).

The Court also denies Defendant's motion to strike Plaintiff's supplemental brief in support of their motion for a new trial (DE 735).

SO ORDERED on September 27, 2013.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE