United States District Court
Northern District of Indiana
Hammond Division

KEVIN D. MILLER and
JAMILA D. MILLER,

    Plaintiffs,

    v.

CITY OF PLYMOUTH *et al.*

    Defendants.

Case No. 2:09-CV-205 JVB

**OPINION AND ORDER**

**A.**    **Background**

Pro se Plaintiffs Kevin and Jamila Miller sued the City of Plymouth, Indiana, and its police officer John Weir; as well as Marshall County Sheriff's Department and its police officers Nicholas Laffoon and Bruce Carter pursuant to 42 U.S.C. § 1983. They alleged, among other things, that Defendants violated Plaintiffs' Fourth Amendment, First Amendment, and Fourteenth Amendment rights arising out of a traffic stop. Plaintiffs also brought a number of state law claims arising out of the same incident, including false imprisonment, intrusion upon seclusion, assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress.

At various points, all defendants, except Officer Weir and the City of Plymouth, were dismissed from the case. At trial, the Jury found in favor of the remaining two defendants. Plaintiffs moved for a new trial, but that motion was denied.

After trial, Defendants City of Plymouth and John Weir ("the Plymouth Defendants") moved for sanctions against both Plaintiffs under Federal Rule of Civil Procedure 11. They claim

that Plaintiffs filed their case without first investigating the merits of the case and that their racial discrimination claims were frivolous. Furthermore, they insist that Plaintiffs had no basis for maintaining their failure to train, malicious conduct, and *Monell* claims. They therefore insist that they are entitled to recover attorney's fees for having to defendant against Plaintiffs. The Plymouth Defendants do not back up their motion with any analogous cases. In fact, they cite to no case law in support of their motion.

In addition, the Plymouth Defendants seek an award of attorney's fees pursuant to Indiana Code 34-13-3-21 for having to defendant against Plaintiffs state law claims they deem to have been groundless. They argue that, because Officer Weir was protected by the immunity under Indiana Tort Claims Act, Plaintiffs' pursuit of state law claims against him (other than their claim for false imprisonment) was unreasonable and frivolous.

Although the case has been extremely contentious and often complicated by the fact that Plaintiffs have chosen to proceed without representation of counsel, the Court finds no grounds for sanctions against Plaintiffs under Rule 11. True, at times Mr. Miller misunderstood the law; it is also true that Mrs. Miller did little on her own to prosecute the case. But confusion about the law is not a reason to sanction a pro se plaintiff, and the Plymouth Defendants have not shown that any of Plaintiffs claims were truly frivolous.

For these reasons, the Court denies the Plymouth Defendants' motion for sanctions under Rule 11 (DEs 726 & 727). For the same reasons, the Court also denies their motion for attorney's fees (DE 724). Moreover, as to the latter motion, although the Plymouth Defendants seek to recover the attorney's fees only for defending the state portion of Plaintiffs' claims, because these claims were closely intertwined with the civil rights claims, a grant of their motion for attorney's fees could have a chilling effect on civil rights litigants, which the Court seeks to

3

avoid. Therefore, absent a clear showing that Plaintiffs' entire case was "frivolous, unreasonable, or without foundation," the Court exercises its discretion against awarding the fees against them. *See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

SO ORDERED on September 30, 2013.

  S/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE