United States District Court
Northern District of Indiana
Hammond Division

| | |
|---|---|
| KEVIN D. MILLER and<br>JAMILA D. MILLER,<br><br>      Plaintiffs,<br><br>      v.<br><br>CITY OF PLYMOUTH *et al*.<br><br>      Defendants. | Case No. 2:09-CV-205 JVB |

**OPINION AND ORDER**

**A.**     **Background**

Pro se Plaintiffs Kevin and Jamila Miller sued the City of Plymouth, Indiana, and its police officer John Weir; as well as Marshall County Sheriff's Department and its police officers Nicholas Laffoon and Bruce Carter pursuant to 42 U.S.C. § 1983. They alleged, among other things, that Defendants violated Plaintiffs' Fourth Amendment, First Amendment, and Fourteenth Amendment rights arising out of a traffic stop. Plaintiffs also brought a number of state law claims arising out of the same incident, including false imprisonment, intrusion upon seclusion, assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress.

At various points, all defendants, except Officer Weir and the City of Plymouth, were dismissed from the case. At trial, the Jury found in favor of the remaining two defendants. Plaintiffs moved for a new trial, but that motion was denied.

After trial, Defendants moved to recover their costs pursuant to Federal Rule of Civil Procedure 54(d)(1).

1

### B. City of Plymouth and Officer John Weir

Shortly after the conclusion of trial, Defendants City of Plymouth and Officer John Weir ("the Plymouth Defendants") moved to recover their trial costs. However, their request included disallowable items and was not accompanied by supporting materials. Plaintiffs pointed this out in their motion to disallow costs. Recognizing their mistake, the Plymouth Defendants moved for permission to amend their motion. That request was filed outside the fourteen-day period within which requests for costs must be made. *See* N.D. Ind. L.R. 54-1.

Plaintiffs object to the Plymouth Defendants' requesting leave to amend their bill for costs. They argue that because the motion falls outside the fourteen-day window for motions for costs, the Plymouth Defendants' motion is untimely. They point out that Local Rule 54-1 allows for extensions only if they were requested before the filing deadline came to pass. Plaintiffs do not otherwise object to the amended bill of costs.

Plaintiffs' construe Local Rule 54-1 too stringently. The Plymouth Defendants filed their motion for costs timely, but recognizing their mistakes, they immediately moved to amend it and to provide supplemental materials. Thus, the second filing is only a continuation of the original, timely filed motion. Therefore, the Court grants the Plymouth Defendants leave to amend their motion for costs instanter.

In their motion for costs, the Plymouth Defendants seek to recover $5,541.82. They break their bill down as follows:

- $4,625.77 for printed or electronically recorded transcripts necessarily obtained for use in the case;
- $403.89 in disbursements for printing;

- $512.16 for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

Their bill of costs is accompanied by receipts reflecting the incurred expenses.

Because these costs are the kinds of costs allowed in civil cases, the Court grants the Plymouth Defendants' motion and awards them costs in the amount of $5,541.82.

### C. Marshall County Sheriff's Department, Officer Nicholas Laffoon, and Officer Bruce Carter

The Marshall County Defendants also moved to recover costs associated with this litigation. They request $714.76. Plaintiffs object to this request as unreasonable and unsupported by itemized receipts. The Marshall County Defendants have not responded to Plaintiffs' objection, thus apparently conceding their motion. As a result, the Court grants Plaintiffs' motion to disallow costs for the Marshall County Defendants.

### D. Conclusion

The Court---

- grants Plaintiffs' motion to disallow the Marshall County Defendants' motion for costs (DE 733);
- denies Plaintiffs' motion to disallow the Plymouth Defendants' motion for costs (DE 734);
- grants the Plymouth Defendants' motion to amend their motion bill of costs instanter (DE 738); and
- grants the Plymouth Defendants costs in the amount of $5,541.82.

3

4

SO ORDERED on September 30, 2013.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE

case 2:09-cv-00205-JVB-PRC   document 756   filed 09/30/13   page 4 of 4