United States District Court
Northern District of Indiana
Hammond Division

KEVIN D. MILLER and
JAMILA D. MILLER,

    Plaintiffs,

v.

CITY OF PLYMOUTH *et al*.

    Defendants.

Case No. 2:09-CV-205 JVB

**OPINION AND ORDER**

I.

As the fairy tale dragon that grows two heads when one is cut off, this case has produced numerous motions in the nature of striking, reconsidering, etc. Three of such motions are still pending:

- Plaintiff's motion to reconsider the Court's award of costs to the Plymouth Defendants (incorrectly styled as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure) (DE 757);

- Plymouth Defendant's motion (DE 758) titled and marked---

    - PLYMOUTH DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' RULE 59(e) MOTION TO RECONSIDER AWARD OF COSTS TO THE PLYMOUTH DEFENDANTS, OR IN THE ALTERNATIVE TO STRIKE ATTACHMENT NO. 1 TO PLAINTIFFS' MOTION TO RECONSIDER AWARD OF COSTS ENTITLED PLAINTIFFS' JOINT OBJECTION TO THE PLYMOUTH DEFENDANTS' AMENDED BILL OF COSTS, OR IN FURTHER ALTERNATIVE RESPONSE TO THE PLAINTIFFS' MOTION TO RECONSIDER AWARD OF COSTS TO THE PLYMOUTH DEFENDANTS;

- and Plymouth Defendants' motion for summary ruling (DE 759).

1

Although Plymouth Defendants[1] style their filings as motions, they really are responses to Plaintiffs' request to reconsider the award of costs. Interestingly, Defendants seek Plaintiffs' motion to be stricken because it was filed a few days late, despite the fact that their own motion for costs was filed late, yet was accepted by the Court. Be this as it may, Plaintiffs ask reconsideration because they did not have the benefit of objecting in detail to Defendants' motion for costs.

II.

The Court awarded Defendants $5,541.82 in costs against Plaintiffs. Plaintiffs now point out that the award was excessive because some of the costs submitted by Defendants were not taxable, were not substantiated, or sought a greater amount than was actually billed. Most of Plaintiffs' objections are well taken (and Defendants do not make any specific argument to counter them).

For example, Defendants were billed $1,256[2] by Collette Festa, a court reporter, for the transcript of Mr. Miller deposition testimony. Yet the bill does not indicate (and Defendants do not independently provide) the number of pages contained in the transcript. Without this information, the Court cannot determine whether the amount requested is reasonable and necessary. *See Glenayre Electronics, Inc. v. Jackson,* 02 C 256, 2003 WL 21947112, *2 (N.D. Ill. Aug. 11, 2003). Moreover, Defendants' bill shows that it includes a charge of $392 for a condensed transcript of Mr. Miller's deposition testimony for Defendant Marshal

---

[1] For simplicity, from here on, the Court will refer to them as "Defendants."
[2] For ease of reading, the Court will round the cents of all charges stated in the order.

County's attorney. However, Marshal County's bill of costs was denied and Plaintiffs should not have to pay for Marshal County via Defendants' submissions. For these reasons, the transcript cost for Mr. Miller's deposition will be disallowed.

Next, Plaintiffs ask that Defendants' bill for Mr. Nicely's deposition transcript be reduced from $3,176 to $1,318. As Plaintiffs explain, the per-page charges were excessive and the bill included various fees that are not generally recoverable (e-transcript fees, "read and sign" fee, condensed version fee, shipping and handling fee, and late fees). Accordingly, the Court will reduce Mr. Nicely's transcript cost as requested.

Plaintiffs also object to Defendants submitting as costs their bill of $175 for transcribing the audio conversations during the traffic stop. Plaintiffs believe that the audio did not necessitate the transcript in preparation for litigation. The Court disagrees. The audio transcription in this case was easier to handle than a video recording and thus the cost was reasonably incurred by Defendants in preparation for their defense.

Lastly, Plaintiffs submit that the printing costs of $404 should be reduced to $241. Plaintiffs point out that some of the costs were incurred for the convenience of the parties, some were unsubstantiated, and several charges were unnecessarily incurred. The Court agrees and will reduce printing costs to $241.

In summary, the Court---

- Grants in Part and Denies in Part Plaintiffs' motion to reconsider (DE 757) and reduces the award of costs against Plaintiffs in favor of Plymouth Defendants from $5,541.82 to $1,734;

- Denies Plymouth Defendants' motion to strike, etc. (DE 758); and

- Denies Plymouth Defendants' motion for summary ruling (DE 759).

SO ORDERED on September 30, 2014.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE